IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY <br> AND ETHICS IN WASHINGTON, <br> 455 Massachusetts Ave., N.W., Sixth Floor <br> Washington, D.C. 20001 <br><br> Plaintiff, <br><br> v. <br><br> ELECTION ASSISTANCE <br>   COMMISSION, <br> 1335 East West Highway <br> Silver Spring, Maryland 20910 <br><br> Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the Election Assistance Commission ("EAC") to disclose to CREW communications with the Executive Office of the President ("EOP") and congressional offices concerning legislation that would eliminate the EAC; communications with the EOP regarding voter fraud in the 2016 presidential election; and information received or generated by EAC concerning voting in the 2016 presidential election by unregistered or other unqualified voters.

2. This case seeks declaratory relief that EAC is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to search for and provide CREW with all responsive

documents, and injunctive relief ordering the defendant EAC to process and release to CREW immediately the requested records.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant EAC is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. The EAC is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

### Factual Background

6. On January 24, 217, Rep. Gregg Harper (R-MS) introduced the Election Assistance Commission Termination Act, H.R. 634. The proposed legislation would

terminate the EAC and transfer to the Federal Election Commission the EAC's functions and authority under the National Voter Registration Act of 1993.

7. Although the text of the bill provides no explanation for the proposed termination, its sponsor Rep. Harper stated during a preliminary vote that the issues the EAC was formed to address have now been resolved. He made this claim even though the EAC is the only federal agency with responsibility for ensuring the integrity of voting machines and the voting process, including preventing hacking.

8. The proposed elimination of the EAC comes at a time when the intelligence and law enforcement communities have concluded Russia hacked the email system of the Democratic National Committee to obtain and publish information that would sway the election in favor of Donald Trump. At the state level, an official from the Department of Homeland Security confirmed last September that hackers also targeted voter registration systems in more than 20 states.

9. Since taking office, President Trump has on multiple occasions also alleged there was massive voter fraud in the 2016 presidential election, claiming millions of people voted illegally.

10. The EAC's official activities include operating a voter system testing and certification program as part of its mission to assist election officials to comply with the Help America Vote Act. The EAC also provides training, establishes best practices, and collects data about election administration issues.

11. By letter dated February 9, 2017, and sent by facsimile, CREW requested from the EAC under the FOIA four categories of records. First, CREW requested all communications from January 1, 2017 to the present to or from anyone within the

Executive Office of the President and EAC staff concerning the termination of the EAC. Second, CREW requested all communications from January 1, 2017 to the present to or from any congressional staff and EAC staff concerning the termination of the EAC. Third, CREW requested all communications from January 1, 2017 to the present to or from anyone within the Executive Office of the President and EAC staff concerning voter fraud in the 2016 presidential election. Fourth, CREW requested all information the EAC received or generated concerning voting by unregistered or unqualified voters in the 2016 presidential election.

12. To date, the EAC has not responded to CREW's request.

13. The EAC has not provided CREW with a determination on its request, including an identification of what documents the agency plans to release, what documents the agency plans to withhold, and why. The FOIA requires agencies to make this determination within 20 business days of receiving a non-expedited FOIA request.

14. Because the EAC has failed to make a determination under the FOIA on CREW's request, CREW has now exhausted all applicable administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records)

15. Plaintiff repeats and re-alleges paragraphs 1-14.

16. Plaintiff properly asked for records within the custody and control of the EAC.

17. Defendant EAC wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on non-expedited FOIA requests, and by withholding from disclosure records responsive to

4

plaintiff's FOIA request.

18. By failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

19. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the prompt processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant EAC to fully and promptly process plaintiff's February 9, 2017 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to prompt processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anne L. Weismann

Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
   in Washington
455 Massachusetts Ave., N.W., Sixth Floor
Washington, D.C. 20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: March 22, 2017    *Attorneys for Plaintiff*